```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


LARRY STEVENSON                                         PLAINTIFF

VS.                          CIVIL ACTION NO. 5:12-cv-117(DCB)(MTP)

MICHAEL J. ASTRUE [1]
Commissioner of Social Security Administration          DEFENDANT
```

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court pursuant to the plaintiff's motion for summary judgment **(docket entry 16);** the defendant's motion to affirm the Commissioner's decision **(docket entry 19);** and the Report and Recommendation **(docket entry 22)** of United States Magistrate Judge Michael T. Parker, which recommends that the Commissioner's decision be affirmed.  Having carefully considered the pleadings and the applicable law, and being fully advised in the premises, the Court finds that the Report and Recommendation of the Magistrate Judge should be adopted for the reasons herein set forth.

On May 5, 2009, the plaintiff applied for supplemental security income ("SSI") payments under Title XVI of the Social Security Act.  The claim was initially denied on October 13, 2009. The plaintiff requested reconsideration, and the claim was again denied on December 30, 2009.  The plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  ALJ Wallace E.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the acting Commissioner of the Social Security Administration.

Weakley held a hearing on December 2, 2010, and heard testimony from the plaintiff and Joe Hargett, a vocational expert. On December 21, 2010, the ALJ rendered his decision that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff requested review by the Appeals Council which denied the request on June 21, 2012, finding no basis for changing the decision of the ALJ. The plaintiff filed his complaint in this Court on August 20, 2012, seeking an order reversing the Commissioner's final decision.

In his Report and Recommendation, Magistrate Judge Parker sets forth the ALJ's analysis of the plaintiff's case (Report and Recommendation, pp. 7-10). He then finds that the Commissioner's decision that the plaintiff is not entitled to SSI is supported by substantial evidence, and recommends that the Commissioner's motion to affirm be granted, and that the plaintiff's motion for summary judgment be denied.

When a magistrate judge issues recommendations regarding a dispositive matter, objections thereto are reviewed de novo. However, on an appeal from a decision of an administrative law judge, a reviewing court limits itself to two questions: "(1) whether there is substantial evidence in the record to support the decision" and "(2) whether the decision comports with relevant legal standards." Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996). "Conflicts in the evidence are to be resolved by the

Commissioner, not the courts." Oddo v. Astrue, 2010 WL 3937627, at *1 (S.D. Miss. Oct. 4, 2010). Therefore, although the magistrate judge's conclusions should be reviewed with no deference, the district court is obligated to afford the administrative law judge's decision with the same deference as did the magistrate judge.

The plaintiff complains that the ALJ committed error in finding that the plaintiff's testimony supported the ALJ's decision to reject the findings of the treating physician. He also complains that the ALJ's decision rejected the treating physician's findings without providing contrary medical evidence or a contrary medical opinion. However, the Court finds that the ALJ applied the correct legal standard, and that substantial evidence exists to support his findings. The ALJ found that the plaintiff retained the capacity to perform light work, and that his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with his Residual Functional Capacity ("RFC") assessment. The ALJ also stated specific reasons for discounting the opinion of the plaintiff's treating physician, Dr. Nimo. The issue of whether the plaintiff is disabled or unable to work is reserved solely for the Commissioner. A statement by a treating doctor that a plaintiff is disabled or cannot work is not a controlling medical opinion, but is instead an opinion on ultimate issues, such as disability

3

status, that are reserved to the ALJ.  <u>Claiborne v. Astrue</u>, 225 F.Appx. 854, 857 (5th Cir. 2007); <u>Magee v. Astrue</u>, 2010 WL 6369942, at *6 (S.D. Miss. Oct. 14, 2010).  Furthermore, an ALJ is free to reject the opinion of a physician when the evidence supports a contrary conclusion.  <u>Oldham v. Schweiker</u>, 660 F.2d 1078, 1084 (5th Cir. 1981).

The plaintiff complains that no contrary opinion by a treating or examining physician was provided to refute Dr. Nimo's findings.  However, case law does not require specific contrary medical evidence, but rather provides that an ALJ may not impermissibly rely on his or her own unsupported medical opinions.  <u>Ripley v. Chater</u>, 67 F.3d 552, 557 (5th Cir. 1996).  Here, the ALJ stated that he gave little weight to Dr. Nimo's opinion, not relying on his own unsupported medical opinion, but relying on the opinions of two other physicians, Dr. Brent and Dr. James.  An ALJ may find good cause for rejecting a treating physician's opinions when those opinions are brief, conclusory, or unsupported by medically accepted diagnostic testing results.  As found by Magistrate Judge Parker, here the ALJ showed good cause for rejecting Dr. Nimo's opinion, and relied on the opinions of the two non-treating physicians in conformity with the regulations as set forth in 20 C.F.R. § 404.1527(c)(2).

The ALJ also found that a significant number of occupations remained available to the plaintiff, in line with the testimony of

the vocational expert and the medical record as a whole. The plaintiff also objects that the ALJ erred by improperly refusing to give controlling weight to the treating physician's opinion without recontacting the physician for clarification of his opinion. However, it is not necessary to recall the treating physician under 20 C.F.R. § 404.1512(e)(1) unless the evidence received from the treating physician is inadequate for the ALJ to determine if the applicant is disabled (not the case here).

The Court finds that the plaintiff is not entitled to SSI under the Social Security Act, and further finds that the ALJ's decision is supported by substantial evidence and utilizes correct legal standards.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 22)** of Magistrate Judge Parker is adopted as the Order of this Court;

FURTHER ORDERED that the findings of fact and conclusions of law contained therein are adopted as the findings of fact and conclusions of law of this Court;

FURTHER ORDERED that the Commissioner's motion to affirm **(docket entry 19)** is GRANTED, and the denial of the plaintiff's SSI is affirmed;

FURTHER ORDERED that the plaintiff's motion for summary judgment **(docket entry 16)** is DENIED.

FURTHER ORDERED that this case is DISMISSED.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED, this the 31st day of March, 2014.

                                         /s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE